CHARLES E. BRIDE ET AL., APPELLANTS, V. JOSEPH H. RIFFE, APPELLEE.

FILED MARCH 14, 1913.. No. 17,114.

Sales: RESCISSION. One who is induced to become the vendee of a special line of merchandise for sale at retail, under an agreement with a wholesale vendor that he shall have the exclusive sale of such special line of merchandise in the city where he is engaged in business, may, upon learning that the vendor has, without his knowledge or consent, sold merchandise of the same special line to a competitor for resale in such city, rescind the contract and return the merchandise so purchased; and in such a case the vendor will not be heard to say that deception was immaterial because no real injury resulted therefrom.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Tibbets, Morey & Fuller,* for appellants.

*H. F. Favinger* and *J. W. James, contra.*

FAWCETT, J.

This action originated in justice court, and was appealed to the district court for Adams county, in which court there was a verdict and judgment for defendant. Plaintiffs appeal.

Plaintiffs sued to recover for goods sold and delivered. The answer, among other things, alleges that the goods purchased were a special line and design of jewelry; that, for the purpose of inducing defendant to purchase the goods, plaintiffs represented that defendant should have the exclusive sale of that line of goods in the Hastings market; that, in reliance upon those representations, the purchase was made; that such representations were the sole and only inducement that caused him to enter into the contract; that the representations were fraudulent and false, and known so to be by plaintiffs when made; that at the time of the purchase plaintiffs had already, on that same day, sold the same line of goods to a rival jeweler in the city of Hastings, which fact was unknown to defendant; that defendant learned of the sale to his rival about 30 days later, whereupon he immediately notified plaintiffs of his rescission of the contract and the reasons therefor, and returned all of said goods to plaintiffs. It appears from a motion subsequently filed that defendant's answer originally contained the allegation: "And at said time, the said O. C. Zinn had been given the exclusive sale of said goods in this market." Upon motion of plaintiffs this allegation was stricken from the answer, to which defendant duly excepted. The reply is a general denial, coupled with the allegation that plaintiffs refused to accept the goods when returned to them, and immediately returned them to defendant; admits that prior to the sale to defendant plaintiffs had sold to Zinn goods of the same special line to the amount of about $30.

There is a conflict in the evidence as to the issues thus tendered. The jury, as we think upon sufficient evidence, found the issues in favor of defendant. This verdict set-

tles the question in favor of defendant that the goods were purchased by him under an express agreement that, in purchasing this special line of goods, he was to have the exclusive sale of that line in the city of Hastings. This being true, defendant had a perfect right, upon discovery of the fact that he had not been given such exclusive sale, to rescind the contract. He exercised that right immediately by notifying plaintiffs of his election to rescind and by returning all of the goods purchased. He had this right regardless of the question as to whether he had suffered any real injury by reason of the deception practiced upon him. *MacLaren v. Cochran,* 44 Minn. 255.

Plaintiffs rest their claim for reversal upon three points: (1) That, under the undisputed evidence, the verdict should have been for plaintiffs. This assignment is disposed of by what we have already said. (2) Error of the court in giving instruction No. 12, to the effect that if the jury believed from the evidence that plaintiffs "had made a false representation to the defendant in regard thereto, and the defendant relied thereon, this would be fraud." In commenting upon this instruction, counsel say that there was no evidence that the agent represented to defendant that he had not sold goods elsewhere in Hastings. The representation that he would give defendant exclusive sale of this special line of goods was a false representation, known to be false and impossible of execution when made, and we think was sufficient to justify the language used in the instruction. (3) That the court erred in overruling the objections of plaintiffs to a certain portion of the opening statement made by defendant's counsel. The language used in the opening statement was that defendant expected to prove that, at the time plaintiffs made the sale of the goods to him, they had already entered into a similar contract with a competitor. This statement was objected to at the time by counsel for plaintiffs, and the objection overruled.

In the course of the trial, defendant offered to prove by his competitor, Mr. Zinn, the fact which in his opening

statement he said he expected to be able to prove. The offer was objected to as incompetent, irrelevant and immaterial, and the objection sustained. We think the error of the trial court was in sustaining the objection to the offer, and that it did not err in overruling the objection made to the statement of defendant's counsel in his opening statement of the case. Defendant had a right to prove the deception, alleged in his answer, by showing any transaction between plaintiffs' agent and a competitor of defendant which would tend to establish the same. Evidence that plaintiffs' agent had on the same day made a similar contract with a competitor would be competent and material upon that point; and the fact that the court had erroneously stricken from defendant's answer the express allegation referred to did not deprive defendant of the right to prove that fact under his general allegation of fraud.

Finding no error in the record, the judgment of the district court is

AFFIRMED.